IN THE UNITED STATES FEDERAL COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMES LYNCH ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | COMPLAINT & |
| STATE OF NORTH CAROLINA, ) | MOTION FOR EX-PARTE |
| EDDIE M. BUFFALOE, Jr. individually ) | TEMPORARY |
| and in his official capacity, ) | RESTRAINING ORDER |
| MICHAEL HAWORTH, individually and ) | |
| in his official capacity, ) | |
| TERESA R. O'BRIEN, individually and in ) | |
| her official capacity, ) | |
| Defendants. ) | |

**NOW COMES** Plaintiff, James Lynch, by and through undersigned counsel, and moves the Court to issue an *Ex-Parte Temporary Restraining Order* to order the release of James Lynch from the Department of Public Safety.

## PARTIES

1. James Lynch is a citizen and resident of Alamance County, North Carolina and has been for the six months preceding the start of this action.

2. North Carolina, is a state within the United States, with the capacity to be sued.

3. Eddie M. Buffaloe is a citizen and resident of North Carolina, and the Secretary of the North Carolina Department of Public Safety.

4. Teresa R. O'Brien, is a citizen and resident of North Carolina, and employed at the North Carolina Department of Public Safety in the Combined Records Section.

5. Michael Haworth is a citizen and resident of North Carolina, and employed as a probation and parole officer in Alamance County, North Carolina.

6. Defendants Buffaloe, O'Brien, and Haworth are agents of the state of North Carolina make North Carolina responsible for the actions of the other defendants through an agency theory.

7. The relief sought in this action is declaratory and injunctive in nature, and the action involves matters of substantial public interest. Considerations of necessity, convenience, and justice warrant relief.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over all claims for relief pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202, and 42 U.S.C. §§ 1983 and 1988, as this action seeks to redress the deprivation under color of the laws, statutes, ordinances, regulations, customs, and usages of the State of North Carolina, of the rights, privileges, or immunities secured by the United States Constitution. To the extent Plaintiff's claims may allege or may be construed to allege state law claims, this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a).

9. Venue lies in this Court under 28 U.S.C. § 1391, as the events giving rise to Plaintiff's causes of action arose or exist in the district in which the action is brought.

## STATEMENT OF FACTS

10. James Lynch received an active sentence of six (6) to seventeen (17) months for six counts of felony charges related to 17CRS50276-77 in New Hanover County.

11. Mr. Lynch was released on Post Release Supervision on November 7, 2018, from NCDPS DAC. Subsequently, Mr. Lynch was arrested for a parole violation in July 2021 and held in custody until his parole was revoked at his initial parole hearing, and he returned to NCDPA DAC on December 28, 2021. Mr. Lynch appealed the parole violation.

12. When subsequent charges were being investigated against Mr. Lynch, Officer Haworth advised that Mr. Lynch was the model parolee with all fees paid and having never missed an appointment.

13. Mr. Lynch also pled to a probation violation in December of 2021, which was identical to the violations of parole.

14. On February 9, 2022, the Parole Commission held a hearing regarding whether or not Mr. Lynch should be reinstated on post release supervision.

15. On February 10, 2022, the Parole Commission published its finding that Mr. Lynch should be released, and his parole be reinstated. Subsequently, Mr. Lynch was released from Central Prison located in Raleigh, North Carolina.

16. On March 15, 2022, Teresa O'Brien informed Officer Haworth that he needed to arrest Mr. Lynch.

17. On March 16, 2022, Officer Haworth advised again that Mr. Lynch was very polite and cooperative, and a physical arrest would not be problematic, but there was an anticipated legal fight over any subsequent arrest. (Exhibit 1)

18. On March 16, 2022, Teresa O'Brien wrote an affidavit directing Probation/Parole Officers to arrest James Lynch and take him to Central Prison. (Exhibit 2)

19. On March 16, 2022, Mr. Lynch and Officer Haworth advised the undersigned counsel that Mr. Lynch was going to be arrested.

20. Officer Haworth advised that there were no new charges and no arrest warrant issued, but that Mr. Lynch was being arrested simply because someone from DPS directed he be arrested.

21. The undersigned counsel asked that he not be arrested any earlier than March 17, 2022 to allow for a TRO to be filed.

22. The undersigned counsel spoke with the supervisor of Officer Haworth's supervisor (John Doe), who advised they would return a call when they had spoken to DPS. No return call was ever made.

23. On March 16, 2022, multiple officers, dressed in full tactical gear, arrested Mr. Lynch in his residence in Mebane, North Carolina without a warrant.

24. Both Officer Haworth and John Doe, stated that they had to blindly follow the order of Teresa O'Brien, because she instructed them to pick up James.

25. At the time of Mr. Lynch's arrest, there had been no allegations of new crimes and no allegations of new probation or parole violations, nor had a warrant for arrest been sought from a judge or magistrate.

26. Upon arrest, Mr. Lynch was taken to Central Prison. Upon arrival at Central Prison, the assistant warden initially refused to accept Mr. Lynch for several hours, before finally agreeing to take him into their custody.

27. Mr. Lynch is currently in the State of North Carolina's custody at Central Prison in Raleigh, North Carolina.

28. To arrest an individual in their home, officers must have either a warrant or exigent circumstances. *Payton v. New York*, 445 U.S. 573 (1980).

29. The Supreme Court has limited when an officer who is in "hot pursuit" of an offender can enter a home without warrant. *Lang v. California*, ___ U.S. ____ (2021).

30. Police may arrest a suspect in public without a warrant or exigent circumstances, so long as there is probable cause that the person has committed a crime. *U.S. v Watson*, 423 U.S. 411 (1976).

31. Again, on March 16, 2022, Mr. Lynch was arrested in his home, without a warrant and without any probable cause that he had committed a crime.

32. No statute, either North Carolina or Federal, gives Teresa O'Brien the authority to order the arrest of someone.

33. Teresa O'Brien, Officer Haworth, and Defendant

34. No statute, either North Carolina or Federal, gives any probation officer the authority to order the arrest of someone without probable cause of a new crime being committed, an arrest warrant, or some violation of his probation.

35. The Founding Fathers of the United Sates understood the importance of personal liberty, and sought to protect it specifically by including the words "We hold these truths to be self-evident, … **unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness** . . ." in the Declaration of Independence.

36. The Supreme Court has further codified these rights through its opinions issued in *Payton* and *Watson*.

37. Federal law also requires that a State ensure the liberties of its citizens by implanting the Fourteenth Amendment, which states: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

38. North Carolina knew the importance of a citizen's right to liberty by incorporating all article and amendments of the US Constitution into the North Carolina Constitution.

39. A Motion for Appropriate Relief, at the state level, will be filed in Alamance to have his probation violation sentence set aside concurrently with this complaint.

### First Claim/Motion: Ex Parte Temporary Restraining Order

40. The above allegations are hereby incorporated as if fully set forth herein.

41. The Plaintiff's rights under the United States Constitution, the Fourteenth Amendment to the United States Constitution, federal case law, and the North Carolina Constitution, are currently being violated, as he was arrested in his home without a warrant issued by an authority duly authorized to issue such warrant, there were no exigent circumstances that allowed law enforcement or the parole officer to enter his home to arrest him, and is being detained at the Central Prison despite not having an order issued by a competent authority to reinstate his post-release supervision.

42. The Plaintiff will continue to suffer such infringement upon his rights unless this court issues a temporary restraining order enjoining the Defendant from continuing his detention and ordering Mr. Lynch's release from Central Prison.

43. The Plaintiff is entitled to an ex parte temporary restraining order enjoining the Defendants from continuing his unauthorized depravation of his liberty, which was taken without a warrant or probable cause of a new crime.

### Second Claim/Motion: Preliminary Injunction

44. The above allegations in both numbered and unnumbered paragraphs are hereby incorporated by reference as if fully set forth herein.

45. The Plaintiff is entitled to a Preliminary Injunction enjoining the Defendant from continuing his unauthorized depravation of his liberty, which was taken without a warrant or probable cause of a new crime.

### Third Claim/Motion: Declaratory Judgment

46. The above allegations in both numbered and unnumbered paragraphs are hereby incorporated by reference as if fully set forth herein.

47. An actual genuine controversy exists between the parties arising out of the arrest and continued detention of Mr. Lynch without a competent legal authority directing such arrest and continued detention.

48. The Plaintiff is entitled to a declaratory judgment based upon the following:

a. A person may not be arrested in their home, unless officers have a warrant or exigent circumstances. *Payton v. New York*, 445 U.S. 573 (1980).

b. Mr. Lynch's arrest was not effectuated in a public area.

c. The Defendants lacked sufficient probable cause of a new crime to arrest Mr. Lynch.

49. Pursuant to the authorities cited above, the Defendants are prohibited from unilaterally compelling the detention of Mr. Lynch.

## Fourth Claim: False Arrest

50. The above allegations in both numbered and unnumbered paragraphs are hereby incorporated by reference as if fully set forth herein.

51. The Fourth Amendment prevents individuals from being unreasonably seized.

52. North Carolina's constitution prevents individuals from being unreasonably seized through its incorporation of the US Constitution.

53. Police may arrest a suspect in public without a warrant or exigent circumstances, so long as there is probable cause that the person has committed a crime. *U.S. v Watson*, 423 U.S. 411 (1976).

54. A person may not be arrested in their home, unless officers have a warrant or exigent circumstances. *Payton v. New York*, 445 U.S. 573 (1980).

55. Officer Haworth, and at least two other officers, dressed in full tactical gear, entered Mr. Lynch's home without a warrant on March 16, 2022.

56. Mr. Lynch was not free to leave at the time the officers entered Mr. Lynch's home.

57. None of the officers had reason to believe that Mr. Lynch had committed a new crime.

58. Officer Haworth, made this arrest at the direction of Teresa O'Brien, even though she does not have the authority to order an arrest.

59. Officer Haworth and Teresa O'Brien were acting under the color of law and at the supervision of Defendant Eddie Buffaloe, Jr.

60. Defendant Buffaloe's policies created an environment where probation/parole officers are allowed to ignore law outlined in *Watson* and *Payton*, the North Carolina Constitution, and the United States Constitution.

61. Defendant Buffaloe knew, or should have known, that such policies would result in a person, or persons, being arrested in violation of *Watson* and *Payton*, the North Carolina Constitution, and the United States Constitution.

62. That Defendant Haworth had a duty as a law enforcement officer not to arrest any individual without a warrant or probable cause;

63. That Defendant Haworth had a duty as a law enforcement officer not to arrest any individual in their home without a warrant or exigent circumstances.

64. That Defendant Haworth breached his duties as a law enforcement officer, by entering into Mr. Lynch's home without a warrant or exigent circumstances, placing Mr. Lynch under arrest, and facilitating his transportation and deprivation of liberty at Central Prison.

65. That this breach was a proximate cause of Mr. Lynch's wrongful arrest.

66. Defendants Buffaloe, O'Brien, and Haworth are agents of the state of North Carolina make North Carolina responsible for the actions of the other defendants through an agency theory.

67. That the actions of Defendants O'Brien, John Doe, and Officer Haworth were the proximate cause of the Plaintiff being arrested without a warrant or probable cause.

68. That that policies of Defendant Buffaloe created an environment that resulted in the wrongful behavior of Defendants O'Brien, John Doe, and Officer Haworth.

69. That those policies were also a proximate cause of the Plaintiff being arrested without a warrant or probable cause.

70. As a result of the false arrest, Mr. Lynch has endured mental pain and anguish, has been placed into a solitary confinement, denied access to his mental health provider, and denied his basic constitutional right of liberty.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays unto the Court:

1. That the Court accept this verified pleading as an affidavit in support of a Temporary Restraining Order and Preliminary Injunction;

2. That the Court issue an immediate Temporary Restraining Order and directly release Mr. Lynch from Central Prison, or any other State controlled facility;

3. That the Court issue an Order for the Defendants to appear and show cause as to why a Preliminary Injunction should not be issued in this action that will enjoin the Defendants from continuing to detain Mr. Lynch;

4. That the Court issue a Declaratory Judgment to determine:

a. That people may not be arrested in their homes, unless officers have a warrant or exigent circumstances. *Payton v. New York*, 445 U.S. 573 (1980);

b. That Mr. Lynch's arrest was not affected in a public area;

c. That the Defendant's lacked sufficient probable cause of a new crime to arrest Mr. Lynch;

d. Whether, pursuant to the authorities cited above, the Defendants are prohibited from unilaterally compelling the detention of Mr. Lynch;

5. That the Plaintiff be released from the State's custody immediately;

6. Mr. Lynch be award an amount in excessive of one million dollars ($1,000,000) jointly and severally against the defendants; and

7. For any other further relief the Court may deem appropriate.

This the 16th day of March, 2022.

/s/Jeffrey Dobson
Jeffrey Dobson
jdobson@dobsonlawnc.com
NCSB: 54808
Attorney for the Plaintiff
1130 Situs Ct, STE 240
Raleigh, NC 27606
(919) 591-2240